# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| LINDA WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:11CV209 HEA |
| | ) |
| CAROLYN W. COLVIN,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying the application of Plaintiff for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq*. For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's application.

## Facts and Background

Plaintiff was fifty five at the time of the hearing. She has a high school education. The ALJ found Plaintiff had the severe impairment of: status-post automobile accident with left-lower extremity open reduction and fixation surgery;

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

degenerative disc disease and degenerative arthritis of the cervical spine; obesity' anxiety disorder; substance abuse in remission; headaches; and depression.  At the hearing, Plaintiff testified that she lives with her husband, who has been disabled since he was 19.  Plaintiff takes care of her husband.  Plaintiff noted that her husband does none of the household chores.  Plaintiff did not use any aids to help her walk.  She prepares meals, does laundry and housekeeping, when she feels up to it.  She cares for household pets and rescued dog while they await adoption. Plaintiff stated that since her accident, she has had weakness in her legs.  Plaintiff has been diagnosed with hypertension.  Plaintiff stated that she cries easily, although when she is at home, she does not cry much, unless she thinks of something sad.  She testified she has panic attacks twice a month for about an hour each, and that she feels a loss of control during these attacks.

Plaintiff's application for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq*., an ALJ determined that Plaintiff was not under a disability as defined by the Social Security Act.  On May 25, 2010, the Appeals Council remanded this case to ALJ Robert J. Burbank, who ultimately determined that  Plaintiff was not under a disability as defined by the Act.  On September 22, 2011, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe

impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a) (4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the

analysis proceeds to the next step. *Id.*. At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

## ALJ's Decision

Applying the foregoing five-step analysis, the ALJ in this case determined at Step One that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of February 15, 2005 through her date last insured of March 31, 2007. At Step Two, the ALJ found that Plaintiff had the following severe impairments: status-post automobile accident with left-lower extremity open reduction and fixation surgery; degenerative disc disease and degenerative arthritis of the cervical spine; obesity; anxiety disorder; substance abuse in remission;

headaches; and depression. At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the impairments in the listings.

Prior to Step Four, the ALJ found that Plaintiff had the residual functional capacity (RFT) to perform light work as defined in 20 CFR 416.1567(b), except that Plaintiff is best suited for work involving no more than frequent interpersonal contact. At Step Four, the ALJ determined that Plaintiff was capable of performing her past relevant work as a sewing machine operator, since this is a light exertional level work, and Plaintiff's was now limited to light work. Her past relevant work did not require performance of work related to activities which are precluded by Plaintiff's RFT . Since Plaintiff is capable of performing her past relevant work, the ALJ did not reach Step Five. The ALJ concluded that Plaintiff had not been under a disability as defined in the Act.

## Standard For Judicial Review

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a

reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id.* However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the AL's findings, the court must affirm the AL''s decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

## Discussion

In her appeal of the Commissioner's decision, Plaintiff makes the following arguments: (1) the decision of the ALJ committed reversible error when he failed

to give controlling weight to Dr. Zimmer, Plaintiff's treating physician, where his opinions regarding Plaintiff's limitations is consistent with his treatment notes as well as Plaintiff's testimony. (2) The ALJ failed to properly assess Plaintiff's RFT where multiple medical opinions gave greater limitations than those listed in the RFT.

Under the Social Security Administration regulations, the opinions of treating physicians are generally entitled to substantial weight. 20 C.F.R. §§ 404.1527(d), 416.927(d). However, despite this deference, the opinion "does not automatically control or obviate the need to evaluate the record as a whole." *Brown v. Barnhart,* 390 F.3d 535, 540 (8th Cir.2004). In fact, an ALJ may discount or disregard the opinion of a treating physician where other medical assessments are more thoroughly supported or where a treating physician renders inconsistent opinions. *Wildman v. Astrue,* 596 F.3d 959, 964 (8th Cir.2010). The ALJ's determination was based on the medical records before him. The ALJ considered Dr. Zimmer's opinion of Plaintiff's limitations based on the timing of his opinion. Plaintiff's date of last insured is March 31, 2007. Dr. Zimmer's opinion was rendered June 11, 2008, clearly well beyond Plaintiff's last insured.

A claimant must establish disability prior to the expiration of her insurance to qualify for disability insurance benefits. *See Moore v. Astrue,* 572 F.3d 520, 522

(8th Cir.2009) (holding that claimant was not entitled to benefits because she did not prove disability existed before her insurance expired on December 13, 2004); *see also Long v. Chater,* 108 F.3d 185, 187 (8th Cir.1997) (holding that only claimant's medical condition as of the date she was last insured is considered). Records and medical opinions from outside the insured period can only be used in "helping to elucidate a medical condition during the time for which benefits might be rewarded." *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir.2006) (holding that the parties must focus their attention on claimant's condition at the time she last met insured status requirements). "New evidence is required to pertain to the time period for which benefits are sought and cannot concern subsequent deterioration of a previous condition." *Moore,* 572 F.3d at 525 (citing *Jones v. Callahan,* 122 F.3d 1148, 1154 (8th Cir.1997) (holding that claimant's non-disabling knee condition that later deteriorated into a disabling condition after the expiration of a claimant's insured status cannot be the basis for an award of disability benefits)). Plaintiff date of last insured was March 31, 2007. Thus, the ALJ need not consider records after March 31, 2007 unless they reflect that Plaintiff's disability existed between her alleged onset date and date last insured. Dr. Zimmer's report was rendered on June 11, 2008. In this opinion, Dr. Zimmer opined that Plaintiff was markedly impaired because of her mental impairments, however, during the

insured period, there is not medical evidence of same. Indeed, the treatment records often indicate that Plaintiff's anxiety and depression improved with medication and that her mental status was normal. The ALJ's lack of controlling weight to be attributed to Dr. Zimmer's report was supported by the record before him.

Plaintiff also urges error by the ALJ's RFT finding that Plaintiff could perform light work, with no more than frequent personal contact, occasional lifting and/or carrying up to 20 pounds; frequent lifting and/or carrying up to 10 pounds; standing and/or walking for a total of 6 hours during an 8 hour workday; unlimited pushing and/or pulling activities; occasional climbing of ramps and stairs; occasional kneeling and couching; frequent balancing; never crouching or crawling; and avoidance of concentrated exposure to extreme cold, vibrations and hazardous machinery.

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding her symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue,* 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security

Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

Plaintiff argues that the ALJ's RFC does not comply with Social Security Regulations because it does not contain a narrative discussion describing how the evidence supports each conclusion reached, *i.e.*, a function by function assessment of Plaintiff's ability to perform work-related activities. *See Depover v. Barnhart,* 349 F.3d 563, 565 (8th Cir.2003). In particular, Plaintiff argues that the ALJ failed to adopt the limitations assessed by Dr. Zimmer. Further, Plaintiff argues that even though Plaintiff's depression and anxiety were admittedly severe, he failed to include any meaningful mental limitations within the RFC.

Plaintiff's first argument that the ALJ failed to provide a function-by-function assessment is without merit. In determining Plaintiff's RFC, the ALJ referenced light work as that "defined in 20 C.F.R. § 404.1567(a)." The ALJ discussed Plaintiff's daily activities and her ability to cook, clean and care for

animals. She walks without the use of an assistive device. Plaintiff was able to engage in full time work until 2002, in spite of her depressive symptoms. Plaintiff was helped with medication. She was able to work with this impairment and the treatment record from March 2008, following her date of last insured indicated that she had no anxiety, depression or sleep disturbance. The ALJ concluded that this could be indicative sporadic or situational mental health issues. *VanVickle v. As true*, 539 F.3d 825, 830 (8th Cir. 2008).

The Eighth Circuit has held that an ALJ does not fail in his duty to assess a claimant's RFC merely because the ALJ does not explicitly address all functional areas where it is clear he implicitly found the claimant not limited in those areas. *Depover,* 349 F.3d at 567–68. An ALJ may base his RFC determination on all evidence of record. *Pearsall v. Massanari,* 274 F.3d 1211, 1217–18 (8th Cir.2001) (citing *Anderson v. Shalala,* 51 F.3d 777, 779 (8th Cir.1995)). Social Security Ruling 96–8p specifically requires that an RFC determination include "a narrative discussion describing how the evidence supports each conclusion." Although an RFC is a medical determination, in making this determination the ALJ must rely not only on medical evidence but on all relevant, credible evidence. *McKinney,* 228 F.3d at 863.

As discussed above, the medical evidence supports the ALJ's determination,

and the ALJ thoroughly considered and discussed this evidence in rendering his decision. Overall, the ALJ's determination is both fully supported and sufficiently explained. Thus, the Court upholds the ALJ's determination of Plaintiff's RFC The Court finds that the ALJ's determination was based on substantial evidence of record and properly included only Plaintiff's credible limitations. *See Wildman,* 596 F.3d at 966.

### **Conclusion**

After careful examination of the record as a whole, this Court finds the Commissioner's determination is supported by substantial evidence on the record as a whole, and therefore, the decision will be affirmed.

Accordingly,

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 15th day of August, 2013.

_____
      **HENRY EDWARD AUTREY**
   **UNITED STATES DISTRICT JUDGE**